

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 30, 1952

Mrs. Bess Blackwell
Executive Secretary
State Board of Hairdress-
  ers and Cosmetologists
Austin, Texas

Opinion No. V-1452.

Re: Authority of the
    head of a depart-
    ment to either in-
    crease or decrease
    the maximum number
    of hours earned by
    an employee for
    vacation in any one
    fiscal year of the
    current biennium.

Dear Mrs. Blackwell:

Your request for an opinion reads as follows:

"We have some of the employees with
this department working forty-four hours
from Monday through Friday, while others
work from forty-four to forty-eight hours
per week, Monday through Saturday.

"Would it be proper for the Board to
set the same vacation time for all employ-
ees, and if so, which would be the proper
procedure to follow, the forty-four hour
work week or the forty-eight hour work
week, exclusive of holidays?"

Your question concerns only those employees
of your Board who earn during any one fiscal year of the
current biennium the maximum number of hours allowed by
law for vacation without deduction of salary.

The appropriations for the support and mainte-
nance of your Board, including the salaries of its mem-
bers and employees for each fiscal year of the current
biennium, are contained in Section 1 of House Bill 426,
Article III, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228,
at page 1342. The remaining sections thereof are riders
pertaining to the expenditure of the appropriations made
in Section 1. Section 2, subsection (7), at page 1434,
provides:

"State employees shall work a minimum
of forty-four (44) hours per week."

Subsection (9) reads as follows:

"Vacation allowance. <u>Department em-
ployees, shall without deduction of salary,
receive not exceeding one (1) working day's
vacation for each month of service not to
exceed eighty-eight (88) hours, for those
employees who work forty-four (44) hours,
nor ninety-six (96) hours, for those employ-
ees who work forty-eight (48) hours per
week, in any one fiscal year</u>. Said vacation
period to be mutually agreed upon by the
Head of the Department with his employees;
and any unused vacation in any one (1) fis-
cal year may be used only during the fol-
lowing fiscal year. Provided, however,
that no employee shall be allowed any paid
vacation until he has had continuous em-
ployment with the State of Texas for six
(6) months." (Emphasis added.)

We think the underlined provisions of sub-
section (9) are plain, and clearly fix the maximum
number of hours a departmental employee may earn for
vacation in any one fiscal year. If an employee works
forty-four hours per week, he may earn in any one fis-
cal year a maximum of eighty-eight hours, or if he
works forty-eight hours per week, he may earn a maxi-
mum of ninety-six hours for vacation. In each in-
stance, the maximum vacation allowance is equivalent
to two weeks of regular working time.

The Legislature has provided that when an em-
ployee has earned in any one fiscal year the maximum
number of hours for vacation that he "shall without de-
duction of salary receive" the number of hours so earned
for his vacation. Consequently, your Board may neither
increase nor decrease the number of hours earned by an
employee for vacation in any one fiscal year of the cur-
rent biennium.

## SUMMARY

The head of a department has no authority to either increase or decrease the maximum number of hours earned by an employee for vacation in any one fiscal year of the current biennium beginning September 1, 1951, and ending August 31, 1953.  H.B. 426, Art. III, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228.

APPROVED:

C. K. Richards
Trial & Appellate Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BWB:wb

Yours very truly,

_PRICE DANIEL
Attorney General

By
    Bruce W. Bryant
         Assistant